Filippov v. Blanche

BIA
Christensen, IJ
A240 635 078/079/080/081

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of May, two thousand twenty-six.

PRESENT:
        JOHN M. WALKER, JR.,
        RAYMOND J. LOHIER, JR.,
        BETH ROBINSON,
                *Circuit Judges.*

_____

ALEXANDR FILIPPOV, MARINA FILIPPOVA, M. F., D. F.,
        *Petitioners,*

        v.                                                    **24-549**
                                                              **NAC**
TODD BLANCHE, ACTING UNITED STATES ATTORNEY GENERAL,
        *Respondent.*\*

_____

\* The Clerk of Court is respectfully directed to amend the caption as reflected above.   Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Acting Attorney General Todd Blanche is automatically substituted for former Attorney General Pamela Bondi as Respondent.

_____

**FOR PETITIONERS:**   Stuart Goldberg, Umit Gursoy, Gursoy Law Firm, P.C., Brooklyn, NY.

**FOR RESPONDENT:**   Brian Boynton, Principal Deputy Assistant Attorney General; John S. Hogan, Assistant Director; John F. Stanton, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Alexandr Filippov, his wife, and their two minor children (collectively, "Filippov"), natives and citizens of Moldova, seek review of a February 15, 2024, decision of the BIA affirming a June 22, 2023, decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Filippov, et al.*, Nos. A 240 635 078/079/080/081 (B.I.A. Feb. 15, 2024), *aff'g* Nos. A 240 635 078/079/080/081 (Immig. Ct. N.Y. City June 22, 2023). We assume the parties' familiarity with the underlying facts and procedural history.

We have primarily reviewed the BIA's decision, but have considered the IJ's decision to the extent the BIA relied on it in addressing the arguments raised on appeal. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005); *Xue Hong Yang v. U.S. Dep't of Just.*, 426 F.3d 520, 522 (2d Cir. 2005); *Lin Zhong v. U.S. Dep't of Just.*, 480 F.3d 104, 122 (2d Cir. 2007) (holding that "we may consider only those issues that formed the basis for [the BIA's] decision"), *abrogated on other grounds by Santos-Zacaria v. Garland*, 598 U.S. 411, 416–19 (2023).

## I.      Filippov's Motion to Continue

"[W]hen an argument made to this Court cannot be closely matched up with a specific argument made to the BIA, it has not been properly exhausted and we cannot hear it." *Vera Punin v. Garland*, 108 F.4th 114, 124 (2d Cir. 2024). Filippov's notice of appeal and brief to the BIA both focus on his allegation of ineffective assistance of counsel and cannot be read as challenging the IJ's denial of his motion to continue. *See LoSacco v. City of Middletown*, 71 F.3d 88, 93 (2d Cir. 1995) (holding that liberal construction of pro se filings does not require us to "manufacture claims of error"). Thus, his arguments regarding the denial of a continuance are unexhausted. *See Ud Din v. Garland*, 72 F.4th 411, 419–20 & n.2 (2d Cir. 2023) (exhaustion is "mandatory" when the Government raises it).

3

**II.    Ineffective Assistance of Counsel**

An applicant asserting ineffective assistance of counsel before the agency must show that (1) "counsel's performance fell below an objective standard of reasonableness" and (2) the applicant "was prejudiced as a result of such deficient performance." *Paucar v. Garland*, 84 F.4th 71, 80 (2d Cir. 2023) (quotation marks omitted). Prejudice requires "a *prima facie* showing that, but for counsel's ineffectiveness, [the applicant] would have been eligible for asylum relief, and could have made a strong showing in support of his application." *Scarlett v. Barr*, 957 F.3d 316, 326 (2d Cir. 2020) (quotation marks and brackets omitted).

However, to raise an ineffective assistance claim, an applicant must first satisfy procedural requirements set forth in *Matter of Lozada*, 19 I. & N. Dec. 637, 639 (B.I.A. 1988), by submitting:

> (1) an affidavit setting forth in detail the agreement with former counsel concerning what action would be taken and what counsel did or did not represent in this regard; (2) proof that the alien notified former counsel of the allegations of ineffective assistance and allowed counsel an opportunity to respond; and (3) if a violation of ethical or legal responsibilities is claimed, a statement as to whether the alien filed a complaint with any disciplinary authority regarding counsel's conduct and, if a complaint was not filed, an explanation for not doing so.

4

*Twum v. INS*, 411 F.3d 54, 59 (2d Cir. 2005). We do "not require[] a slavish adherence to the [*Lozada*] requirements," but "substantial compliance is necessary" to "deter meritless claims and to provide a basis for determining whether counsel's assistance was in fact ineffective." *Yi Long Yang v. Gonzales*, 478 F.3d 133, 142–43 (2d Cir. 2007) (quotation marks omitted). Applicants who fail to "comply substantially with the *Lozada* requirements" in making an ineffective assistance of counsel argument to the BIA forfeit their ineffective assistance of counsel claims in this Court. *Jian Yun Zheng v. U.S. Dep't of Just.*, 409 F.3d 43, 47 (2d Cir. 2005).

Filippov did not substantially comply with the second *Lozada* requirement. In particular, he did not even assert, much less prove, that he had "notified former counsel of the allegations of ineffective assistance and allowed counsel an opportunity to respond," *Twum*, 411 F.3d at 59, which is typically necessary to allow the agency to determine whether counsel's representation fell below an objective standard of reasonableness, *cf. Matter of Lozada*, 19 I. & N. Dec. at 639 ("Any subsequent response from counsel, or report of counsel's failure or refusal to respond, should be submitted with the [appeal]."). Though former counsel admitted during the hearing that he was unprepared, that does not mean he knew

5

of Filippov's specific allegations on appeal that he (counsel) was responsible for errors in the application and the lack of documentary evidence.

Additionally, the circumstances leading to counsel's lack of preparedness at the hearing are not clear from the record such that the BIA could have assessed the claim without a response from former counsel. *See Yi Long Yang*, 478 F.3d at 138–39, 143 (excusing compliance with *Lozada*'s notice requirement where brief to BIA referred to published decision disbarring former counsel—in part for filing asylum applications without meeting with clients—and where presumed competence of counsel in writing application statement was basis for adverse credibility determination). For instance, we do not know why Filippov's Roma ethnicity was omitted from his application, why his written statement was not finished, when counsel told him corroboration was needed, or whether Filippov attempted to provide such corroboration. And the record does not confirm Filippov's allegations that counsel pursued prosecutorial discretion and voluntary departure against his wishes, refused to accept a written statement, and tried to dissuade Filippov from attending the hearing. Thus, the BIA did not err in adhering to the notice requirement. *Cf. id.* at 143.

Because Filippov did not substantially comply with *Lozada*, we need not reach the BIA's alternative determination that he failed to establish prejudice. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").[1]

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

---

[1] We likewise decline to address the agency's determination that even though Filippov's motion "reflect[s]" that a complaint had been filed with the appropriate disciplinary authority, *Lozada*, 19 I. & N. Dec. at 639, Filippov failed to comply with the third requirement of *Lozada* because he did not attach a copy of that complaint to his motion.

7